UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

C.A. No. 2:26-cv-4325-BHH-MGB

| | |
|---|---|
| Michelle L. Robinson<br><br>Plaintiff,<br><br>v.<br><br>Charleston County School District, Carolyn Anderson, in her individual capacity, and Jennifer Coker, in her individual capacity,<br><br>Defendants. | **COMPLAINT**<br>(Jury Trial Requested) |

The Plaintiff, Michelle L. Robinson, complaining of the above named Defendants, would respectfully show unto this Honorable Court, the following:

## I. PARTIES, JURISDICTION, AND VENUE

1. The Plaintiff, Michelle L. Robinson, is a resident and citizen of the city of Goose Creek, in Berkeley County, State of South Carolina.

2. That the Defendant, Charleston County School District (herein after referred to as "District") is a subdivision of the State of South Carolina. located in Charleston County, State of South Carolina.

3. Upon information and belief, the Defendant Carolyn Anderson (herein after referred to as "Anderson") is a citizen and resident of Berkeley, State of South Carolina.

4. Upon information and belief, the Defendant Jennifer Coker (herein after referred to as "Coker") is a citizen and resident of Berkely County, State of South Carolina.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343,

because this action is based on the Civil Rights Act of 1964, as amended, the 14th Amendment to the Constitution of the United States of America, and Title 9 the United States code 20 U.S.C. § 1681.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Defendants are are all, and each of them, situated in, or reside in, the Charleston Judicial Division of the United States District Court for the District of South Carolina, and the alleged unlawful and/or wrongful acts giving rise to the Plaintiff's claims were committed within the geographic boundaries of the Charleston Judicial Division of the United States District Court, District of South Carolina.

## II. FACTS

7. The Plaintiff is a black female, now age 45 years old (date of Birth of June 24, 1981) was employed by the Defendant District as the Assistant Principal of the Septima P. Clarke Corporate Academy located at 1929 Grimball Road, James Island, Charleston County, State of South Carolina from September 1st, 2021 through April of 2022, during which time the Defendants Anderson was either the Interim Principal or Permanent Principal of the Septima P. Clark Corporation Academy and her direct Supervisor, the Defendant Coker was the direct Supervisor of the Defendant Anderson.

8. That the Defendant "District" is a public school district, operating at all times relevant hereto, approximately 85 schools and specialized programs, including alternative programs, within the confines of Charleston County, State of South Carolina, and employing approximately 6,500 total employees within Charleston County, State of South Carolina, and an annual budget in excess of 618.3 million general operating budget in the 2021-2022 school year, and is now over 965 million in it's general operating

budget, and receives federal financial assistance from the United States Government.

9. That at all times relevant hereto, the Septima P. Clarke Corporate Academy was and is a school operated by the Department of Alternative Programs of the Defendant District and is located at 1929 Grimball Road, on James Island, Charleston County, State of South Carolina.

10. At all times relevant hereto, the Defendant "Coker" was the Executive Director of Alternative Programs operating by and within the District, including the Septima P. Clark Academy, and was in charge of student discipline for all students in the District, was the Supervisor of the Defendant "Anderson", was a high level Administrator in the Defendant District and was acting at all times within the course and scope of her employment with the Defendant District as a high level Administrator.

11. That during the entire time that the Defendant Anderson was the Supervisor of the Plaintiff from September 1, 2021 through April 26, 2022, the Defendant Anderson constantly told the Plaintiff in graphic lewd details about her sex life with her (the Defendant Anderson's) husband, which was unwelcome, offensive and degrading.

12. On or about the third week of September, 2021 the Plaintiff was in the Defendant Anderson's Office at the Septima P. Clark Corporate Academy at a time and place that the Plaintiff was required by her employment with the Defendant District to be present, within the course and scope of her employment with the Defendant District when the Defendant Anderson, then and there, was yelling on the telephone with her (Defendant Anderson's) husband, when the Plaintiff tried to walk out and the Defendant Anderson told her to stay and hung up the phone and proceeded to tell the Plaintiff, then and there, that she did not have time to deal with someone who was not providing her with sex, that

she loved having sex and needed sex in her life.

13. On at least four (4) separate occasions, the Defendant personally told the Plaintiff on the premises of the Septima P. Clark Corporate Academy during working hours that the Plaintiff was required to be present at, during the course and scope of her employment with the Defendant District that she loved having sex and needed sex in her life and on one occasion during that time that the Defendant Anderson sat back on her chair, physically opened her legs and implied in unmistakable terms that he husband could not provide her with anything but oral sex and that she needed a large penis in her to make her feel like a woman, and on at least two occasions during time, in the Plaintiff's presence on the Septima P. Clark Corporate Academy during school hours when the Plaintiff was required to be there by law, that the Plaintiff personally heard the Defendant Anderson tell Sadie Nelson, the secretary-bookkeeper at the school that she (Ms. Nelson) needed dick in her life and then she would not be so angry, and at least two (2) occasions, during school hours at the Septima P. Clark Corporate Academy, at the time the Plaintiff was legally required to be there, the Defendant Anderson also told the Plaintiff she acted like she too needed dick in her life.

14. That on at least two (2) occasions during the time period that the Defendant Anderson was the Plaintiff's Supervisor the Defendant Anderson told the Plaintiff that she did not want her as her Assistant Principal because the Plaintiff was a single mother and that her (the Plaintiff's) children would be the Plaintiff's priority not her job, as an Assistant Principal at the Septima P. Clark Corporate Academy.

15. That on at least two (2) occasions, while the Defendant Anderson was Supervisor of the Plaintiff at the Septima P. Clark Corporate Academy, the Defendant Anderson told her

(the Plaintiff) not to file a workers' compensation after she was injured on the job or going to the school nurse.

16. That the Defendant Anderson also told the Plaintiff that she did not want the Plaintiff as her Assistant Principal because she (the Plaintiff) was too big and heavy and would not be able to keep up with her (the Defendant Anderson).

17. That the Plaintiff tired several times to reach out to the Defendant Coker about the sexual harassment and demeaning behavior of the Defendant Anderson but never got a response from the Defendant Coker.

18. That the Defendant Anderson told the Plaintiff and other staff members that the Defendant Coker loved her (the Defendant Anderson) and that she could do anything without repercussions.

19. That the Plaintiff was told by other employees at the Septima P. Clark Corporate Academy that the Defendant Anderson often referred to the Plaintiff as a "Fat Bitch" that she (the Defendant Anderson) did not want to be her (as Assistant Principal).

20. That the Defendant Coker failed to adequately manage or control the actions and inactions of the Defendant Anderson as Principal of the Septima P. Clark Corporate Academy.

21. That at all times relevant hereto, the Defendant Anderson was trained in "Sexual Harassment: Staff to Staff" by the Defendant District, having received "Certificates of Completion" by the Defendant District for completing "Sexual Harassment: Staff to Staff" course on October 4, 2020 and a refresher course on September 5, 2021, then again and the Defendant Anderson knew or should have known that her behavior, actions and words as set forth above, were in a reckless disregard of and were in violation of the

Defendant District's sex and gender discrimination policies.

22. That the Defendant Anderson had once served as the "Female Sexual Harassment Complaint Manager" herself, when she was employed by the Defendant District as an Assistant Principal at North Charleston High School, a school operated by the Defendant District at 1087 E. Montage Ave, in the City of North Charleston, Charleston County, State of South Carolina, shortly before she (the Defendant Anderson) became the Principal of the Septima P. Clark Corporation Academy in September of 2021.

23. That the actions and words of the Defendant Anderson as set forth above, was unwelcomed conduct, was based on her sex (female) and was sufficiently severe or pervasive to alter the conditions of her employment with the Defendant District and create an abusive working environment which can be imputable to the Defendant District.

24. That the Defendant Anderson has admitted under oath and has acknowledged that her words and actions toward the Plaintiff were in violation of the rule and regulations of the Defendant District in regard to sex and gender discrimination.

25. That the Defendant Anderson retaliated against the Plaintiff for complaining about the sexual harassment of the Plaintiff by the Defendant Anderson by humiliating the Plaintiff in front of other employees at the Septima P. Clark Corporate Academy, insulting the Plaintiff in front of other employees, and the Defendant Anderson and Coker accused the Plaintiff of misappropriating school funds and making false reprimands of the Plaintiff, and the Defendant Coker retaliation against the Plaintiff by no longer allowing the Plaintiff's children to come on campus, even though other District employees were allowed to have their children on campus. The Plaintiff's office was moved from an Assistant Principal's office to a data clerk office, which was understood to be an adverse

employment action, all of which got worse after the Plaintiff's email asking the Defendant Coker for more help in dealing with violence at the Septima P. Clark Corporate Academy.

26. That as a direct result of the above actions and omissions of the Defendant Anderson and Coker and each of them, the Plaintiff suffered emotional distress, panic attacks, depression which required medical care and needed expenses.

**FOR A FIRST CAUSE OF ACTION**
**(Violation of Civil Rights 42 U.S.C. § 1983)**

27. The Plaintiff repeats and realleges all of the preceding paragraphs as if restated verbatim hereto.

28. That while acting under color of state law, the Defendants, and each of them, discriminated against the Plaintiff on the basis of her sex and gender (Female) in violation of her right to equal protection of rights provided in the 14th Amendment to the Constitution of the United States of America, by subjecting the Plaintiff to a sexually hostile work environment.

29. That while acting under color of state law, the Defendants and each of them, have discriminated against the Plaintiff on the basis on her sex in violation of her right to work in an environment free of sexual harassment.

30. The Defendant's actions and each of them, as above stated, were intentional, willful, malicious and in reckless disregard of the Plaintiff's federally protected rights and Plaintiff is entitled to actual, consequential and compensatory damages as well as reasonable attorney fees and costs, under Section 42 U.S.C. § 1983 against all Defendants and punitive damages as well against the Defendants, Anderson and Coker.

**FOR A SECOND CAUSE OF ACTION**

**(Violation of title VII of the Civil Rights Act of 1964, as amended as amended 42 U.S.C.§2000(e) (2)**

31. The Plaintiff repeats and realleges all of the preceding paragraphs as though restated verbatim herein.

32. Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C.§2000(e)( 2) prohibits employment discrimination based on race, color, religion, sex and national origin, and under Title VII and employer may not discriminate against an employee with regard to any term, condition or privilege of employment.

33. That the Defendant District and the Defendants Anderson and Coker, as agents and high ranking Administrators with final decision-making authority over the Plaintiff are considered employers covered by the provisions of Title VII of the Civil Rights Act of 1064, 42 U.S.C.§2000(e)( 2), and Title VII, the Plaintiff has suffered stress, anxiety, adverse physical symptoms, depression and income loss for which the Plaintiff had to seek medical treatment for and incurred medical expenses.

34. That the actions and omissions of the Defendants, and each of them as described above, were willful, knowing and in reckless indifference to the Plaintiff's federally protected rights and Plaintiff is entitled to actual, consequential, compensatory damages as well as attorney fees and costs under Title VII and 42 U.S.C.§2000(e)( 2) against all of the Defendants, and punitive damages as well as against the Defendants Anderson and Coker.

**FOR A THIRD CAUSE OF ACTION**
**(Violation of Title IX, 42U.S.C.§1681-1688)**

35. The Plaintiff repeats and realleges the preceding paragraphs as if restated verbatim herein.

36. 42U.S.C.§1681 (a) specifically states that "no person in the United States shall on the basis of sex, be excluded from participation in, be denied the benefits of or be subjected to discrimition under any education program or activity receiving federal financial assistance, and as stated above, while acting under color of state law the Defendants and each of them, excluded the Plaintiff from participation in, denied the Plaintiff the benefits of and subjected the Plaintiff to discrimination from working in an education program as an Assistant Principal in the Defendant District's school or program by subjecting the Plaintiff to unwanted sexual adverse, unwelcomed sexual advances, unwelcomed sexual and lewd details of the Plaintiff's Supervisor's sex life, and in treating the Plaintiff adversely because she was a single mother, and a mother with small children, thereby causing the Plaintiff stress, anxiety, depression, loss income for which she had to seek medical treatment and pay for.

37. The Defendant's actions and omissions as above stated were done under color of state law with reckless indifference to the federally protected rights of the Plaintiff under Title IX Section 42 U.S. C.§1681-1688 and entitles the Plaintiff to actual and consequential and compensatory damages as well as attorney fees from all of the Defendants as well as punitive damages against the Defendant Anderson and Coker.

**FOR A FORTH CAUSE OF ACTION**
**(Retaliation for bringing a Title VII claim under section 704(a) of Title VII of the Civil Rights Acts of 1964, 42U.S.C.§20009e) – 3a)**

38. The Plaintiff repeats and realleges the preceding paragraphs as if restated verbatim herein.

39. That Section 704(a) of Title VII of the Civil Rights Act of 1964, 42U.S.C.§2000(e)-3a makes it illegal for an employer to retaliate against an employee who opposed sexual

discrimition or filed a Title VII charge, and as set forth above, the Defendant District, by and through the actions of the Defendants Anderson and Coker retaliated against the Plaintiff for opposing the sexual discrimination against her.

40. The Defendants Anderson and Coker would not have retaliated against the Plaintiff as set for in the above, but for her complaining about the sexual discrimination against her by Defendant Anderson.

41. That the actions and omissions of the Defendant Anderson and Coker against the Plaintiff were the actions of final decision makers and high Administrative Officials of the Defendant District, were done under the color of state law, regarding the conditions of employment of the Plaintiff with the Defendant District and the Plaintiff is entitled to compensatory, consequential and punitive damages against the Defendant Anderson and Coker.

**FOR A FIFTH CASE OF ACTION**
**(Retaliation against the Plaintiff for complaining pursuant to 34 C.F.R.§106.71)**

42. Plaintiff repeats and realleges the preceding paragraphs as if restated verbatim herein.

43. 34 C.F.R.§106.71 prohibits retaliation against intimidation, coercions and discrimination against any individual who opposes practices made unlawful by Title IX, which is what happened to the Plaintiff for opposing the Defendant Anderson's sexual harassment as set forth above.

44. That the retaliation by the Defendant Anderson was done in her capacity as a final decision maker of the Defendant District, and were done under the color of state law, and the Plaintiff is entitled to actual, compensatory and consequential damages, attorney fees and punitive damages against the Defendant Anderson for the stress, anxiety, acceleration

of his 'situational anxiety" to Post-Traumatic Stress Disorder, depression, resulting in medical care, medical expenses and lost income as a direct result thereof.

WHEREFORE, having fully set forth her allegations against the Defendants, and each of them, the Plaintiff respectfully requests the following relief:

1. Compensatory damages for emotional trauma, mental anguish, and any physical symptoms of ill health, stress, anxiety, insomnia, change in his personality, medical expenses and income loss and his "Situational Anxiety" acceleration to Post-Traumatic Stress Disorder, all of which contributed to the Plaintiff seeking early retirement;

2. Actual damages against all of the Defendants;

3. Punitive damages against the Defendants "Rodgers" and "Coker";

4. Reasonable attorney fees and costs; and

5. For such other and further relief as this Court deems just and proper.

Plaintiff demands a Jury Trial.

KOBROVSKY LAW OFFICE, LLC

By/s/ *Lawrence C. Kobrovsky*
Lawrence C. Kobrovsky, Esquire
Federal Bar Number: 5294
SC Bar Number: 3592
198 Rutledge Ave., Suite 7
Charleston, SC 29402-1726
Telephone (843)853-3703
Facsimile (843)853-2331
kobrovskyl@bellsouth.net

September 28, 2026

Charleston, South Carolina